834 F.2d 172
 UNPUBLISHED DISPOSITION
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond AMBURN; Clarence Hamilton; William Nicely; Melvin
Noe; George Stansberry; R.D. Hamilton; Ralph Roberts;
Jerry Hobby; Everett Ruthford; Robert Baker; Ralph Myers;
William Carver; Vondas Snodderly; Albert Blue; Joe Bell;
James Long; Edgar Noe; Curtis Osborne; Ron Ogle; Jimmie
Beal; Lester Hinkle; James Davis; Bobby Dyer; Steve
Wright; Roy Taylor; Billy Oaks; Heral Kitts; Curtis
Williams; Wayne Hurst; Glen Sharp; Andrew Johnson; Tandy
Williams; Harvey Elkins; Donald Crisp; James Branch;
Darrell Spears; Maurice Fox; Arnold Burkhart; Bobby
Myers; Michael Branch; Johnny O'Mary; Edward Oliver;
Leonard Ridenour; Same Ogle; Bob Alexander; Kenneth
Osborne; Mack Dyer; Emert Ogle; Leroy Metlabarger; and
Mayford Mendenhall, Plaintiffs-Appellants,
v.
W.H. ATTEBURY, Defendant-Appellee.
 No. 87-5095.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellants ("employees") appeal the district court's order in this action removed under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, denying in part their motion for summary judgment and granting summary judgment to defendant W.H. Attebury ("Attebury"). Texas-Tennessee International, Inc. ("TTI"), an original defendant in this action, does not appeal the rulings of the district court.
 
 I.
 
 2
 Employees originally brought this action in the Chancery Court for Knox County, Tennessee, to recover vacation benefits owed them by TTI under the terms of a collective bargaining agreement between TTI and Shopmen's Local Union Number 715 of International Association of Bridge, Structural and Ornamental Workers-AFL-CIO of which employees are members, and pursuant to a schedule for payment thereof agreed by TTI. The employees sought to impress a lien under Tenn.Code Ann. Sec. 66-13-101 (1983) against all property owned by TTI. The employees also sought an order establishing their lien as a higher priority than the lien held by Attebury, a secured creditor of TTI.
 
 
 3
 Prior to December 1985, appellants were employed by TTI. However, in December 1985, TTI stopped taking orders and began winding down its business operations. Between December 1985 and May 2, 1986, forty-three of the fifty plaintiffs in this cause of action were laid off by TTI, and the remaining plaintiffs either quit, retired or became disabled between January and March of 1986. The employment of six of the plaintiffs was terminated prior to February 1, 1986. The test were terminated after February 1, 1986.
 
 
 4
 On March 17, 1986, TTI agreed to a schedule whereby TTI was to pay the employees their vacation pay. The schedule was published and signed by the president of TTI. Under the undisputed terms of the agreement, none of the employees became entitled to receive payment of the vacation pay until after their termination. When vacation pay became due under the schedule, TTI informed the employees that it did not have adequate funds to make the payments. TTI has never disputed that under the collective bargaining agreement the employees are entitled to funds in the amount of $40,722.35 for vacation pay.
 
 
 5
 On June 3, 1986, pursuant to 28 U.S.C. Sec. 1441 and 29 U.S.C. Sec. 185, the action was removed from Tennessee chancery court to the United States District Court for the Eastern District of Tennessee. By agreement, an order was entered wherein the employees agreed to release the liens against all of TTI's property on the condition that Attebury deposit $40,722.35, the amount claimed by plaintiffs, in trust with his attorney, the employees' lien to attach to such funds in lieu of the property of TTI.
 
 
 6
 Both the employees and Attebury moved for summary judgment in the district court. The district court granted the employees' motion in part and granted Attebury's motion for summary judgment. The district court held, as was undisputed, that the employees were entitled to a judgment against TTI in the amount of $40,722.35, plus statutory interest from the date of entitlement. However, the court further held that Tenn.Code Ann. Sec. 66-13-101 (1983) provided lien protection for only the vacation pay actually earned by the employees during the three months prior to the date on which the complaint was filed. The court concluded that only $7,594.21 was protected by a lien against the property of TTI. Employees timely filed a notice of appeal.
 
 II
 
 7
 There is no dispute under the collective bargaining agreement that the plaintiffs are entitled to a judgment for the full amount of their vacation pay benefits; viz., $40,722.35. Further, a resolution of the issue of lien priority is not substantially or in any way dependent on an interpretation of the collective bargaining agreement, Allis-Chalmers Corp. v. Lueck, --U.S. ----, 105 S.Ct. 1904 (1985), nor is anything involved in the resolution of this issue protected or prohibited by the Labor Management Relations Act, 29 U.S.C. Sec. 141 et seq. Therefore, as this matter involves only a dispute between the plaintiffs, lien creditors of their employer, and the defendant, a secured creditor of their employer, over the interpretation and application of a Tennessee statute, Tenn.Code Ann. Sec. 66-13-102, comity and federalism require that this interpretation be left to the courts of the State of Tennessee.
 
 III.
 
 8
 Accordingly, the judgment of the district court is REVERSED and VACATED. All orders of the district court subsequent to removal are also VACATED, and the district court is directed to restore the parties to their status prior to removal and to REMAND this cause to the Chancery Court of Knox County, Tennessee.